**ORIGINAL**

In the United States Court of Federal Claims
No. 15-1038

(Filed: November 25, 2015)
(NOT TO BE REPORTED)

**FILED**
NOV 2 5 2015
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

```
CHERYL THERIOT, DARIUS           )
THERIOT, JAMES THERIOT, TREY     )
SHAW-THERIOT,                    )
                                 )
                 Plaintiffs,     )
                                 )
        v.                       )
                                 )
UNITED STATES,                   )
                                 )
                 Defendant.      )
```

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Cheryl Theriot, Detroit, Michigan, *pro se*.

Erin K. Murdock-Park, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the brief were Benjamin C. Mizer, Principal Deputy Attorney General, Civil Division, Robert E. Kirschman, Jr., Director, and Allison Kidd-Miller, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

**ORDER**

LETTOW, Judge.

Plaintiffs seek a restraining order and $148,000 from the United States for alleged discrimination in violation of the Fair Housing Act of 1968. Compl. ¶ 4. In particular, plaintiffs allege violations of 42 U.S.C. §§ 3603, 3604, 3605, 3615, and 3617. Compl. ¶ 1. Pending before the court is the government's motion to dismiss the complaint pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC").

Before considering the merits of a case, the court must determine that it has jurisdiction. *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934). *Pro se* plaintiffs are held to less stringent standards than those represented by counsel, but this leniency does not extend to plaintiffs' burden of establishing jurisdiction. *Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Further, RCFC 12(h)(3) provides that the court "must" dismiss the action if it "determines at any time" it lacks jurisdiction. *See Brady v. United States*, 541 Fed.

Appx. 991, 993 (Fed. Cir. 2013) (affirming a *sua sponte* dismissal of a *pro se* complaint for lack of jurisdiction); *see also Cochrun v. United States*, __ Fed. Appx. __, __, 2015 WL 5929408, at *1 (Fed. Cir. Oct. 13, 2015) (same).

The primary jurisdictional statute governing this court, 28 U.S.C. § 1491(a)(1), grants it power to adjudicate claims against the United States in cases grounded in a money-mandating statute. Having reviewed the statutes cited by plaintiff, the court determines that none mandate money from the United States. *See Fennie v. United States*, No. 12-272C, 2013 WL 151685, at *1 (Fed. Cl. Jan. 4, 2013). Although plaintiff also seeks equitable relief, none of the statutes plaintiff cites contain a specific grant of authority to this court to provide equitable relief. *See Allen v. United States*, No. 14-179C, 2014 WL 3767128, at *3 (Fed. Cl. July 30, 2014) ("To the extent that the complaint could be construed to allege a violation of the Fair Housing Act, the Act directs litigants to district court, 42 U.S.C. § 3612(o)(1) . . . , not this court.") (quoting *Fennie*, 2013 WL 151685, at *1).[1]

Plaintiffs have made detailed allegations, which should be addressed in some forum, but this court is not the appropriate forum.

## CONCLUSION

This action must be dismissed for lack of subject matter jurisdiction. Defendant's motion to dismiss, ECF No. 7, is accordingly GRANTED. The clerk shall enter judgment in accord with this disposition.

Plaintiffs' application for leave to proceed *in forma pauperis*, ECF No. 2, is GRANTED. Plaintiffs' motions for referral to ADR, ECF No. 4, and to submit evidence, ECF No. 5, are DENIED.

No costs.

It is so **ORDERED**.

Charles F. Lettow
Judge

---

[1] Additionally, the exhibits submitted with plaintiffs' complaint reveal that their dispute is based on the actions of the Michigan State Housing Development Authority and an entity called Community Management Associates, Inc. *See* Compl. Exs. A, B. Jurisdiction under the Tucker Act is limited to suits against the United States, not states or private parties. *See McGrath v. United States*, 85 Fed. Cl. 769, 772 (2009) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)). To the extent "the true nature of the action" is against state and private parties, this court lacks jurisdiction over the action. *Allen*, 2014 WL 3767128, at *3 (citing *Katz v. Cisneros*, 16 F.3d 1204, 1207 (Fed. Cir. 1994)).